UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JESSIE OUIMET et al.,

                Plaintiffs,                Case No. 1:09-cv-1053

v.                                                 Honorable Janet T. Neff

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

                Defendants.
                                          /

## **OPINION**

        This is a civil rights action originally brought by four state prisoners pursuant to 42 U.S.C. § 1983. The Court granted Plaintiffs leave to proceed *in forma pauperis*, and Plaintiffs have complied with the initial partial filing fee requirements. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiffs' action will be dismissed for failure to state a claim.

**Discussion**

I.       Factual allegations

This civil rights action was brought by four Plaintiffs: Jessie Ouimet, Andrew Lee-Leo Hill, Kenyon Clinton, and William Belbot. Plaintiffs sued the Michigan Department of Corrections (MDOC); MDOC Director Patricia Caruso; MDOC Hearings Administrator Richard Stapleton; Warden Kenneth McKee at the Bellamy Creek Correctional Facility (IBC); the State Office of Administrative Hearings and Rules; the Michigan Department of Health Care Provider; Hearing Investigator Brian Novak; Hearing Officers Kathy Talbot and A. Baerwalde; IBC Nurses (unknown) Kelnins, T. Grubaugh, S. Gregurek, and (unknown) Chick; Practitioner Assistant (PA) Valorie K. Hammond; and IBC Risk Management Prevention Coordinator Joshua D. Schad. The original complaint contained separate sets of allegations for each Plaintiff.

On January 11, 2010, the Court ordered Plaintiffs to file an amended complaint on the form within 28 days, in accordance with W.D. Mich. LCivR 5.6(a). Thereafter, Plaintiff Jessie Ouimet filed an amended complaint on the form, raising only those claims related to himself. In his amended complaint, Plaintiff Ouimet named only the following six of the original sixteen Defendants: Patricia Caruso, Richard Stapleton, Kenneth McKee, Brian Novak, the State Office of Administrative Hearings and Rules, and the Michigan Department of Health Care Provider. No other Plaintiff responded to the Court's order. On the basis of the amended complaint, Defendants MDOC, Talbot, Baerwald, Kelnins, Grubaugh, Gregurek, Chick, Hammond, and Schad were automatically terminated from the action.

In his amended complaint Plaintiff Ouimet alleges that he was hospitalized from July 7, 2009 through July 15, 2009 for back surgery performed on July 10, 2009. When he returned from

surgery, he was unable to walk or care for himself for some time. On August 2, 2009, Nurse Kalinis was assigned to care for his wound and change the bandage on his back. Plaintiff asked Kalinis to clean the wound before replacing the bandage. Kalinis allegedly refused, saying she was directed only to change the bandage. Plaintiff filed a complaint against Kalinis for failing to give him the care he needed and for being rude when he tried to explain the bandage-changing process.

Two days later, on August 4, 2009, Kalinis again refused to clean his back wound, and Plaintiff exchanged words with Kalinis. Later that morning, Plaintiff was called to the medication line. Kalinis gave Plaintiff his medications and then falsely accused Plaintiff of hiding his medication under his tongue rather than swallowing it. Plaintiff again exchanged words with Kalinis and called for the unit officer to intervene. The unit officer asked Plaintiff to return to his cell. Kalinis wrote a misconduct ticket against Plaintiff, alleging attempted substance abuse. Plaintiff alleges that Kalinis filed the misconduct ticket in retaliation for his grievance about her failure to care for his back wound. Plaintiff, however, does not name Kalinis as a Defendant in this action.

On August 5, 2009, Sergeant Rominouez came to Plaintiff's cell to review the major misconduct ticket. Plaintiff requested that a hearing interpreter be provided at his interview with the hearing investigator. Defendant Hearing Investigator Brian Novak met with Plaintiff on August 6, 2009. Novak did not provide a hearing interpreter, even after Plaintiff had shown his medical accommodation for communication assistance for hearing. Instead, Novak conducted the interview by an exchange of handwritten notes. Plaintiff alleges that Novak's interview was conducted in violation of his right to due process and MDOC policy.

A hearing on the misconduct ticket was conducted before Hearings Officer Talbot on August 26, 2009. Plaintiff alleges that he repeatedly asked for a hearing interpreter, but Talbot denied the request. Plaintiff ultimately was found guilty of the misconduct, ostensibly in violation of his due process rights.

For relief, Plaintiff seeks an injunction overturning the misconduct conviction.

II.     Plaintiffs Hill, Clinton and Belbot

On January 11, 2010, the Court ordered all Plaintiffs to file an amended complaint on the form within 28 days, in accordance with W.D. Mich. LCivR 5.6(a). In that order, Plaintiffs were expressly notified that "[t]he amended complaint will take the place of the original complaint, so it must include all of the Defendants that Plaintiffs intend to sue and all of the claims that Plaintiffs intend to raise." (Docket #10.) The Court further warned that, if Plaintiffs failed "to submit an amended complaint in proper form within the time allowed, the complaint may be dismissed without prejudice by the district judge." (*Id.*)

Plaintiff Ouimet was the only Plaintiff to respond to the Court's order, and the amended complaint he filed raised only his own claims. Because Plaintiffs Hill, Clinton and Belbot have wholly failed to comply with the Court's January 11, 2010 order, their claims will be dismissed without prejudice for want of prosecution.

III.    Plaintiff Ouimet

The only claims remaining before the Court are those presented by Plaintiff Ouimet in his amended complaint. He names the following six Defendants: Patricia Caruso, Richard Stapleton, Kenneth McKee, Brian Novak, the State Office of Administrative Hearings and Rules, and the Michigan Department of Health Care Provider.

### A. Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the State Office of Administrative Hearings and Rules or the Michigan Department of Health Care Provider.[1] Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Defendant departments) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the State Office of Administrative Hearings and Rules and the Michigan Department of Health Care Provider.

---

[1] The Court is unaware of any state entity named the "Michigan Department of Health Care Provider." However, because Plaintiff declares that the alleged entity is a department of Michigan government, which is immune from suit, the Court will consider the entity to exist for purposes of this opinion.

### B.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

1. Defendants Caruso, Stapleton and McKee

In his amended complaint, Plaintiff fails to make any factual allegations against Defendants Caruso, Stapleton and McKee. Indeed, he fails to mention any of the three in his statement of claim. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"), *overruled in other part*, *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir. 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendants Caruso, Stapleton and McKee in the body of his complaint. His allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, he fails to state a claim against Defendants Caruso, Stapleton and McKee.

2.   Defendant Novak

Plaintiff alleges that Defendant Novak violated his due process rights by inadequately or improperly investigating the major misconduct charge. The starting point for any discussion of the procedural due process rights of a prisoner subject to a disciplinary proceeding is *Wolff v. McDonnell,* 418 U.S. 539 (1974). In *Wolff,* the Supreme Court held that prison disciplinary proceedings must meet minimal due process requirements by (i) giving inmates advance written notice of charges at least 24 hours prior to the disciplinary hearing; (ii) allowing the inmate to call witnesses and present documentary evidence in the inmate's defense; and (iii) providing the inmate with a written statement of evidence relied on by the disciplinary board and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-69.

Plaintiff's only allegation against Novak is that he did not conduct his investigative interview with Plaintiff with the assistance of a hearing interpreter. Although Plaintiff alleges that Novak's interview was conducted by way of handwritten notes, he at no time suggests that he was unable to present his position to Novak for purposes of the investigation. Further, Plaintiff does not allege that Novak in any way interfered with Plaintiff's presentation of his defense to the hearings officer, Kathy Talbot. As a result, Plaintiff does not allege that he was denied notice, an opportunity to present a defense, or a written statement of the evidence and reasons for the misconduct conviction. *See id.* Under *Wolff*, there is no due process requirement that an investigation occur or that a hearings investigator must conduct his investigation in a certain way. *Id.* Inasmuch as Novak was responsible only for investigating – not deciding – the misconduct charges, Plaintiff fails to identify any conduct by Novak that could have caused a due process violation.[2]

---

[2] The Court notes that Plaintiff has failed to name Kalinis as a party Defendant. Because only Kalinis was alleged to have acted with a retaliatory motive, Plaintiff fails to state a claim of retaliation against any Defendant.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that the claims of Plaintiffs Hill, Clinton and Belbot will be dismissed without prejudice for lack of prosecution. Plaintiff Ouimet's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiffs appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiffs are barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If they are barred, they will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: February 26, 2010            /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge